LONE STAR INDUSTRIES,
INC., Appellant,

v.

LOMAS & NETTLETON FINANCIAL
CORPORATION, Appellee.

No. 5334.

Court of Civil Appeals of Texas,
Eastland.

Aug. 9, 1979.

Rehearing Denied Aug. 30, 1979.

William B. Dawson, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

Alfred Sallinger and H. Louis Nichols, Saner, Jack, Sallinger & Nichols, M. J. Van- den Eykel, Dallas, for appellee.

McCLOUD, Chief Justice.

The issue is whether real property, in the name of the individual partners, was effec- tively mortgaged when listed in a deed of trust executed in the name of the partner- ship, and signed by each of the partners.

Lomas & Nettleton, plaintiff, sued the partnership, Paseo Apartment Development Co., and the partners individually, seeking recovery on a promissory note in the origi- nal principal sum of $2,870,000. Plaintiff also sought foreclosure of a deed of trust securing the note. Several other lien claim- ants, including Lone Star Industries, Inc., were joined as defendants by plaintiff who alleged that its deed of trust was superior to all claims being asserted. The trial court entered judgment for plaintiff on the note; ordered a foreclosure of plaintiff's deed of trust; and ruled that plaintiff's deed of trust lien was superior to any lien asserted by any of the defendants. Lone Star In- dustries, Inc. appeals. We affirm.

The deed of trust in question was exe- cuted by "Paseo Apartment Development Co.," a partnership, on October 20, 1972, and filed for record on November 3, 1972. Each of the partners, including J. Larry Morris, signed the instrument. On July 23, 1975, Lone Star filed an abstract of judg- ment against Morris.

Lone Star argues that record title to one of the tracts listed in the deed of trust was in the name of the individual partners, as opposed to the partnership, and the deed of trust executed by the partnership did not affect its abstract of judgment. We disa- gree.

Section 10 of Tex.Rev.Civ.Stat.Ann., Tex- as Uniform Partnership Act (1970) pro- vides:

(4) Where the title to real property is in the name of one or more or all the part- ners, or in a third person in trust for the partnership, a conveyance executed by a

partner in the partnership name, or in his own name, passes the equitable interest of the partnership, provided the act is one within the authority of the partner under the provisions of paragraph (1) of Section 9.

(5)   Where the title to real property is in the names of all the partners a conveyance executed by all the partners passes all their rights in such property.

We think the partnership deed of trust dated October 20, 1972, signed by Morris, effectively mortgaged his individual interest in the property.   Plaintiff's deed of trust lien is superior to the judgment lien asserted by Lone Star.

The judgment of the trial court is affirmed.